IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VAN P. FINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-00192 |
| ) | |
| STATE FARM FIRE AND ) | JURY TRIAL DEMANDED |
| CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant State Farm Fire and Casualty Company, (hereinafter "State Farm"), and gives notice of removal of the above-styled action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.  As grounds for the removal of this action, Defendant State Farm avers the following:

1.   Upon information and belief Plaintiff Van P. Finger, was and is a citizen of the State of Alabama residing in Baldwin County, Alabama.

2.      Defendant State Farm Fire and Casualty Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.  Defendant State Farm is a citizen of the State of Illinois.

3.      Defendant State Farm was served by certified mail on April 1, 2010 (Exhibit "A," Summons). Finger's Complaint alleges a single claim for breach of contract against State Farm. (Complaint is attached hereto as Exhibit "A.")

4.      The breach of contract claim as set forth in the Complaint alleges that State Farm should indemnify a jury verdict entered against Finger for slander in a matter styled *Thomas C. Weller v. Van P. Finger*, Civil Action No. CV-08-0240-CG-C (D.Ala. December 14, 2009). (Exhibit "A," Complaint, ¶ 2).

5.      Other than the filing of the Summons, Complaint, and the discovery which was served with the Complaint, identified as Exhibit "A," and the entry of the Circuit Court of Mobile County's General Pre-Trial Order, attached here to as Exhibit "B," no other proceedings have taken place in state court as to the subject matter of Exhibit "A."

6.      Plaintiff has stated in his Complaint that State Farm issued a Personal Liability Umbrella Policy ("PLUP") to him in paragraph 1 of his Complaint. Attached hereto as Exhibit "C" is a certified copy of the referenced policy. The

Declarations page of the PLUP at issue unambiguously states the policy limits of said policy are TWO MILLION DOLLARS AND NO CENTS ($2,000,000.00).

7. This action is subject to removal on the basis of diversity of citizenship in that Finger was and is a resident and citizen of the State of Alabama and Defendant State Farm Fire and Casualty Company is a corporation with its principal place of business in the State of Illinois.

8. Defendant maintains that removal of the action initiated by Finger is justified. This is a separate and independent claim which would be removable on its own right. See *Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.*, 538 F. Supp. 488 (D.C. Cal. 1981). The action being removed is removable due to diversity based on 28 U.S.C. § 1441 (a).

8. In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient basis that the jurisdictional amount in controversy has been met. It is well established that:

> "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir.2007); see also *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279, 1283 (S.D.Ala.2009) ("In a removal

> action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence."); *Roe v. Michelin North America, Inc.*, 637 F.Supp.2d 995, 998 (M.D.Ala.2009) ("where damages have not been specified by the plaintiff, the defendant must show by a preponderance of the evidence that the $ 75,000 amount-incontroversy requirement is met"). The Eleventh Circuit has explained that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Lowery*, 483 F.3d at 1211.

*Spottswood v. Stewart Title Guar. Co.*, CIVA 10-0109-WS-B, 2010 WL 1539993, *2 (S.D. Ala. Apr. 16, 2010)

In his Complaint at paragraph 2, Plaintiff avers a jury verdict was entered against him in a lawsuit filed by Thomas C. Weller in the United States District Court for the Southern District of Alabama. Plaintiff also provides the Civil Action number for that case in paragraph 2 of his Complaint: CV-08-240-CG. In paragraph 3 of the Complaint Plaintiff alleges that State Farm "owes coverage for the judgment but refused to pay it." The amount is controversy is therefore the amount of the judgment entered against Plaintiff in *Weller v. Finger*.

Although the amount of the judgment is not specified in the Complaint, Defendant State Farm avers the amount is "readily deducible" as enunciated in *Spottswood*, *supra*. Attached hereto as Exhibit "D" is a copy of Document 150 "Final Judgment," from Case 1:08-cv-00240-CG-C as entered by

Chief United States District Judge Callie V.S. Granade. Judge Granade notes in the Final Judgment that, "[i]n accordance with the verdict of the jury" judgment was "hereby entered in favor of plaintiff, Thomas C. Weller, Jr. and against defendant, Van P. Finger," in the amount of $400,000.00. The amount of the judgment referenced by Plaintiff in his Complaint exceeds the jurisdictional amount required to maintain this action under 28 U.S.C. § 1441.

9.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure Defendant State Farm hereby enters its demand for this matter to be tried before a jury.

10. This petition is filed with this Court within 30 days of service of process on this Defendant.

11. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and since Defendant State Farm is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

12. Notice of the Defendant's removal of the above-styled action has been given to the Clerk of the Circuit Court of Mobile County, Alabama, and to Finger, as required by 28 U.S.C. § 1446(d).  See Exhibit "E" attached hereto.

**WHEREFORE**, Defendant State Farm has removed this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted,

/s/Michael B. Beers
**MICHAEL B. BEERS**
[BEERM4992]
Mbeers@beersanderson.com
**CONSTANCE T. BUCKALEW**
[BUCKC3785]
Cbuckalew@beersanderson.com
**ANGELA TAYLOR BAKER**
[TAYLA2713]
Ataylor@beersanderson.com
Counsel for Defendant State Farm Fire and Casualty Insurance Company

**OF COUNSEL:**

**BEERS ANDERSON, JACKSON, PATTY, & FAWAL, P.C.**
Post Office Box 1988
Montgomery, Alabama  36102-1988
T: 334/834-5311  /  F: 334/834-5362

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file and/or by United States mail, first-class postage prepaid and properly addressed as follows:

Cooper C. Thurber, Esq.
Cooper.Thurber@lpclaw.com
William E. Shreve, Jr., Esq.
William.Shreve@lpclaw.com
LYONS, PIPES & COOK, P.C.
Post Office 2727
Mobile, Alabama 36652

Done this the 27th day of APRIL, 2010.

/s/Michael B. Beers
OF COUNSEL