IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VAN P. FINGER, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION NO. 10-00192-KD-B |
| STATE FARM FIRE AND CASUALTY COMPANY, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff Van P. Finger's Motion to Remand (Doc. 3), Defendant State Farm Fire and Casualty Company's Motion for Leave to File an Amended Notice of Removal (Doc. 8), and Response in Opposition to Motion to Remand (Doc. 9) and Plaintiff's Response in Opposition to Defendant's Motion for Leave. (Doc. 11). Based upon a careful review of Plaintiff's motion, and Defendant's motion, the memorandums in opposition, and the case file, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**, and that Defendant's Motion for Leave be **GRANTED**.

## I. Background

Plaintiff State Farm Fire and Casualty Company (hereinafter "State Farm") removed this action from the Circuit Court of Mobile County, Alabama on the basis of diversity jurisdiction. (Doc. 1). In its Notice of Removal, State Farm avers that "Upon information and belief, Plaintiff Van P. Finger was and is a

citizen of the State of Alabama, residing in Baldwin County, Alabama." (Doc. 1 at page 1).  State Farm further alleges that "State Farm is organized and existing under the laws of the state of Illinois with its principal place of business in the state of Illinois.  State Farm is a citizen of the state of Illinois." (Id. at page 2)  Plaintiff, on May 5, 2010, filed a Motion to Remand. (Doc. 3)  In his motion, Plaintiff asserts that this action should be remanded back to state court because Defendant's allegations regarding citizenship are defective. According to Plaintiff, it is sufficient for Defendant to make allegations based upon "information and belief," and Defendant's Notice does not address the citizenship of the parties at the time the Complaint was initially filed. In opposing Plaintiff's motion, Defendant argues that the citizenship allegations in the Notice are sufficient, and that, if the allegations are deemed to be deficient, Defendant should be allowed to amend its notice pursuant to 28 U.S.C. § 1653.  Contemporaneous with the filing of its response, Defendant sought leave to file an amended notice of removal.  The proposed amended notice was attached to the motion for leave. Plaintiff filed a response in opposition to Defendant's motion for leave[1].  In his response, Plaintiff

---

[1] The proposed amendment contains allegations regarding the parties' citizenship both at the time the Complaint was originally filed, and at the time of removal. (Doc. 8, Ex. A)

2

argues that federalism, strict construction of the removal statutes and presumption in favor of remand militates against allowing Defendant to amend the Notice.

**II. <u>Analysis</u>**

**A. <u>Standard of Review</u>**

On a motion to remand, "the removing party bears the burden of establishing jurisdiction." <u>Diaz v. Sheppard</u>, 85 F. 3d 1502, 1505 (11th Cir. 1996). The removal statute should be construed narrowly with doubt construed against removal. This strict construction of removal statutes prevents "exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction…." <u>Crowe v. Coleman</u>, 113 F. 3d 1536, 1538 (11th Cir. 1997). Subject matter jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different states and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). The burden of establishing subject matter jurisdiction rests with the party invoking federal jurisdiction. <u>McCormick v. Aderholt</u>, 293 F. 3d 1254, 1257 (11th Cir. 2002). That party must prove, by a preponderance of the evidence, the facts supporting federal jurisdiction. <u>Id</u>.

**B. <u>Discussion</u>**

Normally, a notice of removal must be filed within thirty days after the defendant has received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). A defendant may freely amend the notice of removal within the thirty day period of § 1446(b). After the thirty day period has expired however, a party may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653[2]. Fuller v. Exxon Corp., 131 F. Supp. 2d 1323 (S. D. Ala 2001). It is generally held that outside of this initial thirty day period, amendments are permitted only to fix "technical defects" in the jurisdictional allegations, not to submit wholly new grounds for removal jurisdiction. Id. at 1328. Examples of technical defects include an instance where the removal notice claimed diversity, but failed to identify the citizenship of an individual defendant or place of incorporation for a corporate defendant. See, e.g., D.J. McDuffie v. Old Reliable Fire Insurance Co., 608 F. 2d 145 (5th Cir. 1979)[3].

---

[2] 28 U.S.C. § 1653 provides that '[s]effective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

[3] Bonner v. City of Prichard, Ala., 661 F. 2d 1206, 1207 (llth Cir. 1981(en banc)(adopting the prior precedent of the former Fifth Circuit as binding precedent in the Eleventh Circuit.)

In D.J. McDuffie, the Fifth Circuit addressed the issue of whether the district court erred in permitting the defendants to cure the omission of citizenship allegations from their removal petition pursuant to 28 U.S.C. § 1653. In their original petition for removal, the defendants failed to specifically allege the citizenship of the parties at the time the suit was brought, and at the time the removal petition was filed. The district court allowed the defendants to amend their removal to cure the omission, and on appeal, the plaintiffs argued that the missing citizenship allegations constituted a fatal omission which could not be cured by amendment. Rejecting the plaintiffs' argument, the Fifth Circuit held that § 1653 authorized the amendment to correct the missing citizenship allegations. D.J. McDuffie, 608 F.2d at 146.

Recently, in Corporate Management Advisors, Inc. v. Artjen Complexus, Inc., 561 F. 3d 1294 (11th Cir. 2009), the Eleventh Circuit also addressed the issue of the appropriateness of amendments to correct defective citizenship allegations. In Corporate Management, the defendants appealed the district court's *sua sponte* remand of a case to state court based on the defendant's defective allegations regarding citizenship. The Eleventh Circuit concluded that the district court erred in remanding the case, and observed that "the failure to establish a party's citizenship at the time of filing the removal notice

5

is a 'procedural, rather than jurisdictional, defect. . ."  Id. at 1296 (citing In re Allstate Ins. Co., 8 F.3d 219, 221 (5th Cir. 1993).  The Court further observed that "[W]here subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction." (citing In re Allstate, 8 F.3d at 223 and Ellenburg v. Spartan Motors Chassis, Inc., 519 F. 3d 192, 198 (4th Cir. 2008)). The Eleventh Circuit went on to hold that "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party "to cure the omission," as authorized by 1653." (citing D.J. McDuffie, 608 F. 2d at 146-47).

The undersigned finds that notwithstanding Plaintiff's assertions to the contrary, the above-referenced decisions make clear that defective citizenship allegations in removal petitions are not fatal, and can be corrected outside of the 30 day window provided in 28 U.S.C. § 1446(b) by virtue of § 1653.  Moreover, the undersigned has considered Plaintiff's arguments that federalism, strict construction of the removal statutes and the presumption in favor of remand militate in favor of denying the requested amendment, and rejects said arguments in light of firm precedent holding that defective citizenship allegations are not fatal, and the fact that Plaintiff herein has not argued or otherwise suggested that there exists a lack of complete

diversity of citizenship between the parties to this action. Indeed, the undersigned has reviewed Defendant's requested amendment, and finds that said amendment would effectively cure the alleged pleading deficiency. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**, and that Defendant's Motion for Leave be **GRANTED**.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **30th** day of **July, 2010.**

                                  **/s/ Sonja F. Bivins**
                            **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

8

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **30th** day of **July, 2010.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**