# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VAN P. FINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 10-0192-KD-B |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on plaintiff Van P. Finger's motion to modify scheduling order and second motion for leave to amend complaint (doc. 30). The Rule 16(b) Scheduling order set November 30, 2010 as the deadline for amendment of pleadings. Plaintiff now seeks to modify the scheduling order for good cause shown to extend that deadline and moves the court for leave to amend his complaint to add a claim for breach of the enhanced obligation of good faith discussed in L&S Roofing Supply Co. v. St. Paul Fire and Marine Ins., Co., 521 So. 2d 1298, 1303 (Ala. 1988). Plaintiff asserts that he became aware of the facts in support of this claim during depositions in January and February 2011, within the discovery period but after the deadline. Plaintiff argues that good cause exists because he diligently pursued discovery and because the deposition testimony supports his proffered new claim. Plaintiff asserts that this is another breach of contract claim which should not necessitate additional discovery and that he seeks the same relief as in the original breach of contract claim.

Defendant State Farm Fire and Casualty Company opposes the motion and argues that plaintiff has failed to show good cause sufficient for allowing leave to amend (doc. 33). Defendant argues that plaintiff knew the facts which would support this new claim from the

1

beginning of the litigation. Defendant also argues that the late amendment would be prejudicial because it would add claims arising from subject matter different from that set out in the complaint and alter this action from a simple determination as to whether the insurance policy at issue is ambiguous. Defendant argues that the amendment would necessitate additional discovery including deposing the plaintiff and a delay of all remaining deadlines including trial.

At this point, amendments to the scheduling order may be made "only for good cause and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P. "[W]here a party's motion to amend is filed after the deadline for such motions, . . . the party must show good cause why leave to amend the complaint should be granted." Smith v. School Bd. of Orange County, 487 F.3d 1361, 1366 (11th Cir. 2007); see also Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir.1998). This "good cause" requirement "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418. Moreover, "[t]he lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes. That lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." Southern Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 n.3 (11th Cir. 2009) (comparing Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008) (explaining that a plaintiff did not establish good cause by stating that it did not know about the jurisdictional defects of its claims until notified of those defects by the district court after the deadline for amending pleadings)).

Although the Court is not convinced that plaintiff "knew" as much as defendant alleges that he knew, plaintiff failed to timely seek the information he needed to determine whether

amending his complaint to raise a claim for breach of the enhanced obligation of good was in order. Plaintiff did know that his defense was made with a reservation of rights which is a factual predicate from which a breach of the enhanced obligation of good faith may arise. See State Farm and Cas. Co. v. Myrick, 611 F.Supp.2d 1287, 1295-1296 (M.D. Ala. 2009) (" [W]hen an insurance company undertakes a defense pursuant to a reservation of rights, it does so under an 'enhanced obligation of good faith' toward its insured in conducting such a defense.") (quoting Twin City Fire Ins. Co. v. Colonial Life & Accident Ins. Co., 839 So.2d 614, 616 (Ala. 2002)); see also Asphalt Refining & Technology Co., LLC v. Underwriters at Lloyd's London, 2011 WL 222454, 3 (11th Cir. January 26, 2011) (slip copy) ("Moreover, Asphalt failed to demonstrate 'good cause' to amend the scheduling order as required by Fed.R.Civ.P. 16(b)(4) because it was aware of the predicate facts supporting equitable reformation long before the deadline for amendments.").

Therefore, the Court finds that Finger has not shown diligence and has not shown good faith. Accordingly, the motion is DENIED.

DONE and ORDERED this 11th day of March, 2011.

 s / Kristi K DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**